Buford **SHEFFIELD, et al., Plaintiffs,**

v.

**ALLSTATE LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. H–90–2747.**

United States District Court, S.D. Texas.

Feb. 13, 1991.

Nancy Laha Clark, Houston, Tex., for plaintiffs.

Cheryl E. Irvin, Houston, Tex., for defendant.

## OPINION ON REMAND

HUGHES, District Judge.

An employee and his wife sued Allstate in state court for the costs of medical treatment, asserting a breach of their insurance contract and the misrepresentation of policy benefits. Allstate removed the case under the Employee Retirement Income Security Act since the Sheffields seek benefits under an employee benefit plan. The case will be remanded because ERISA coverage does not extend to Buford Sheffield's employer, World Houston Management Company. The company's business does not affect interstate commerce to the degree required by ERISA's jurisdictional limit.

Buford Sheffield's wife received treatment from a dentist, for which Allstate refused to pay. The wife was a dependent on her husband's insurance that was obtained from Allstate through his employer. The parties agree that the medical plan at issue is an employee welfare benefit plan as the term is defined in ERISA. 29 U.S.C. § 1002. ERISA coverage, however, is limited to plans established by employers engaged in an "industry or activity affecting commerce." 29 U.S.C. § 1003(a). World Houston Management is not engaged in a business whose labor relations affect interstate commerce.

ERISA covers "any business ... in commerce or in which a labor dispute

**310**

would hinder ... the free flow of commerce, and includes any activity ... 'affecting commerce' within the meaning of the Labor Management Relations Act, 1947, or the Railway Labor Act." 29 U.S.C. § 1002(12). ERISA coverage extends to the limit of congressional jurisdiction under the commerce clause, but it is defined by the labor component of the business rather than its use of the instrumentalities of interstate commerce, crossing state lines, national markets, or other criteria of interstate effect. *Winterrowd v. David Freedman and Co., Inc.*, 724 F.2d 823, 825 (9th Cir.1984).

The business of World Houston Management, although substantial, does not directly affect interstate commerce. *See e.g., Burke v. Ford*, 377 F.2d 901 (10th Cir. 1967); *NLRB v. Bill Daniels, Inc.*, 202 F.2d 579 (6th Cir.1953); *NLRB v. Shawnee Milling Co.*, 184 F.2d 57 (10th Cir.1950). The company consists of two employees, Buford Sheffield and his assistant, who manage the estates of two families, the principal assets of which are entirely within Texas. The company offers management advice to the individuals whose property is included in the management agreement, but it does not directly control the property.

ERISA addresses those employers whose labor disputes could affect interstate commerce. World Houston Management has only two employees, whose business is not demonstrably interstate. The Supreme Court, in speaking of the scope of congressional power of control over intrastate activities, stated:

> Undoubtedly the scope of this power must be considered in the light of our dual system of government and may not be extended so as to embrace effects upon interstate commerce so indirect and remote that to embrace them, in view of our complex society, would effectually obliterate the distinction between what is national and what is local and create a completely centralized government.

*NLRB v. Jones & Laughlin Steel Corporation*, 301 U.S. 1, 37, 57 S.Ct. 615 at 624, 81 L.Ed. 893 (1937).

This court does not have subject matter jurisdiction over this case.

### ORDER OF REMAND

This case is remanded to the 165th District Court of Texas, Harris County.